# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

Stephen R. Ludwig, Clerk

www.innd.uscourts.gov

October 17, 2007

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 1 9 2007

Gregory C. Langham, Clerk
U.S. District Court - District of Colorado
901 19th Street
Denver, CO 80294

GREGORY C. LANGHAM
CLERK

07-cv-00902-REB-BNB

RE: MDL 1700- FedEx Ground Package System Inc., Employment Practice Litigation (No. II)
Starr Denise Blanchard v. FedEx Ground Package System, Inc., et al D. Colorado 1:07-cv-902

Dear Clerk:

Pursuant to Judicial Panel transfer order dated October 12, 2007, the above case is being transferred to the Northern District of Indiana.  It instructs that the case be transferred to our district pursuant to Title 28 USC §1407.

This matter has been assigned to Master Docket **3:05md527** and your new Cause No. **3:07cv496**, assigned to Chief Judge Robert L. Miller, Jr. for coordinated pretrial proceedings. Please refer to these cause numbers on all correspondences sent to the South Bend Division at the address listed below.  Any previously entered documents that may be needed by this court will be retrieved from your electronic docket system.

Sincerely,

STEPHEN R. LUDWIG, CLERK

By: _____
Deputy Clerk

**Reply to South Bend Office**

1108 E. Ross Adair Federal Bldg. • 1300 S. Harrison Street • Fort Wayne, Indiana 46802 • (260) 423-3000 • Fax (260) 423-3007
5400 Federal Plaza • Suite 2300 • Hammond, Indiana 46320 • (219) 852-6500 • Fax (219) 852-6509
102 Robert A. Grant Federal Bldg. • 204 South Main Street • South Bend, Indiana 46601 • (574) 246-8000 • Fax (574) 246-8002
214 Charles Halleck Federal Bldg. • 230 North Fourth Street • P.O. Box 1498 • Lafayette, Indiana 47902 • (765) 420-6250 • Fax (765) 420-6273



**A CERTIFIED TRUE COPY**

OCT 1 2 2007

ATTEST ~~_illegible_~~
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 1 2 2007

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FEDEX GROUND PACKAGE SYSTEM, INC.,
EMPLOYMENT PRACTICES LITIGATION (NO. II)
Starr Denise Blanchard v. FedEx Ground Package System, Inc., et al., )
D. Colorado, C.A. No. 1:07-902                                          )    MDL No. 1700

07-cv-00902-REB-BNB **TRANSFER ORDER**

      **Before the entire Panel***:  Plaintiff in this District of Colorado action moves pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our order conditionally transferring the action to the Northern District of Indiana for inclusion in MDL No. 1700.  Defendant FedEx Ground Package System, Inc. (FedEx Ground) opposes the motion.

      After reviewing the argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the Northern District of Indiana, and that transfer of this action to the Northern District of Indiana for inclusion in MDL No. 1700 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket.  In that order, we held that the Northern District of Indiana was a proper Section 1407 forum for actions that share factual questions arising from the classification of certain package delivery drivers as independent contractors rather than employees.  *See In re FedEx Ground Package System, Inc., Employment Practices Litigation (No. II)*, 381 F.Supp.2d 1380 (J.P.M.L. 2005).

      Plaintiff argues against transfer, *inter alia*, that the claims in her amended complaint do not depend on her employee status.  We are unpersuaded by this argument.  Resolution of these claims will still implicate the same threshold issues raised by the actions previously centralized in MDL No. 1700.  Moreover, the Panel has already transferred actions to MDL No. 1700 which, like the present one, involve allegations that the working relationship between FedEx Ground and the plaintiffs was not in accordance with the operating agreements signed by the parties or with various other representations allegedly made by FedEx Ground.

      IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of Indiana and, with the consent of that court, assigned to the Honorable

---

    *    Judge Miller took no part in the decision of this matter.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 1 9 2007

GREGORY C. LANCH,
CLE~~_illegible_~~

- 2 -

Robert L. Miller, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr.* | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I Certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK
By K. Cotter
Date 10/17/07

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

07-CV-00902-REB-BNB

| | |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION | ) ) ) ) |

Cause No. 03:05-MD-527 RM
(MDL-1700)

PRACTICE AND PROCEDURE ORDER
UPON TRANSFER UNDER 28 U.S.C. §1407(a)

The court will conduct a first pretrial conference in this cause at 3:00 p.m. EST/CDT on September 26, 2005 in the third floor courtroom of the Robert A. Grant Federal Courthouse, 204 South Main Street, South Bend, Indiana. Counsel may listen to the conference by telephone, but will not be allowed to participate by telephone. The court will invite a telephone participant to set up a conference call that other listeners may join. By separate order entered today, the court refers all non-dispositive matters in this docket to United States Magistrate Judge Christopher A. Nuechterlein, who will assist the designated district judge in management of this docket. Both judges will preside at the first pretrial conference. Further information on the first pretrial conference begins at paragraph 20 of this order.

*Organization in This Court*

1. Scope of Order. This order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to the panel's order of August 10, 2005,[1] as well as all related

---

[1] Alexander v. FedEx Ground Package System, Inc., (N.D. Cal. No. 3:05-38); Griffin v. FedEx Corp., (N.D. Ill. No. 1:05-2326); Craig v. FedEx Ground Package System, Inc., (D. Kan. No. 5:03-4197); Sheehan v. FedEx Corp., (D. Mass. No. 1:05-10936); Lester v. Federal Express Corp., (E.D. Mich. No. 1:04-10055); Lee v. FedEx Corp., (D. Minn. No. 0:05-814); Gennell v. FedEx Corp., (D.N.H. No. 1:05-145); Capers v. FedEx Ground, (D.N.J. No. 2:02-5352); Kilmartin v. Federal Express, Inc., (D.N.J. No. 3:05-2028); Johnson v. FedEx Home Delivery, (E.D.N.Y. No. 1:04-4935); Louzau v. FedEx Ground Package System, Inc., (S.D.NY. No. 1:04-9795);

actions originally filed in this court or transferred or removed to this court. This order shall also govern the practice and procedure in any tag-along actions transferred to this court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 12 of the Rules of Procedure of that Panel subsequent to the filing of the final transfer order by the clerk of this court and any related actions subsequently filed in this court or otherwise transferred or removed to this court.

2. Procedure for Tag-Alongs. When an action that should be treated as a case administered in these consolidated pretrial proceedings is hereafter filed in or removed to this court or transferred here from another court, the clerk of court shall:

a.   File a copy of this order in the separate file for such action;

b.   Make an appropriate entry on the docket sheet;

c.   Mail to the attorneys for the plaintiff(s) in the newly filed or removed or transferred case a copy of this order; and

d.   Upon the first appearance of any new defendant, mail to the attorneys for the defendant in such newly filed or transferred cases a copy of this order.

3. Effect of § 1407 Transfer. The actions in this docket are consolidated for pretrial purposes. At the conclusion of the pretrial proceedings, these actions will be remanded to the transferor courts for trial. *See* Lexecon. Inc. v. Milberg Weiss Bershad Hynes, and Lerach, 523 U.S. 26 (1998). The consolidation of these actions for pretrial purposes shall have no substantive effect and shall not have the effect of making any person or entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of

---

Bunger v. FedEx Ground Package System, Inc., (D.S.C. No. 4:05-4056); Humphreys v. Federal Express Corp., (W.D. Tex. No. 1:05–155); Gregory v. FedEx Corp., (E.D. Va. No. 2:03-479); Anfinson v. FedEx Ground Package System, Inc., (W.D. Wash. No. 2:05-119).

Civil Procedure. Even though, as provided in paragraph 4 below, papers filed in these cases shall all be filed in one consolidated case file, the MDL cases shall not lose their separate identities for substantive purposes, including entry of final orders and judgments.

4. Master Docket and Individual Cases. The clerk of court will maintain a master docket case file under the style "FedEx Ground Package System, Inc. Employment Practices Litigation, Case No. 3:05-md-527." Papers applicable to any of the MDL cases shall be filed only in "FedEx Ground Package System, Inc. Employment Practices Litigation, Case No. 3:05-md-527." All of the MDL cases shall nevertheless retain a separate identity and case number (i.e., the number assigned when the case was filed in or removed or transferred to this court). When a filing, by its terms, applies to all of the MDL cases, this shall be indicated by the words: "This Document Relates to All Cases." A filing that applies to fewer than all of the MDL cases shall bear the words: "This Document Relates to [here insert original case number[s] to which the paper applies]."

5. Place of Filings. Any paper that is to be filed in any of these actions shall be electronically filed with the clerk of this court and not with the transferor district court. As to electronic filing with this court, see paragraph 17 of this order.

6. Identical Filings. Any filing in any of these actions that is substantially identical to any other filing in another of these actions shall be sufficient if it incorporates by reference the filing to which it is substantially identical. If an argument is incorporated by reference, the court will presume the argument is intended to apply without change if not specifically addressed or modified by the filing party.

3

7. Pre-Transfer Protective Orders. Any protective orders previously entered by this court or any transferor district court shall remain in full force and effect unless modified by this court upon application.

8. Duties on Remand to Transferor Court. If a case is remanded from this court, the parties shall furnish to the clerk of this court a stipulation or designation of the contents of the record (including all necessary documents from the consolidated file) and furnish all necessary copies of any pleadings filed so as to enable the clerk of this court to assemble the file and comply with the order of remand.

9. Communication with the Court. Unless this court orders otherwise, all substantive communications with the court in these actions shall be electronic, with copies to opposing counsel. Questions concerning docketing issues may be directed to Stephanie Fikes, 574-246-8005. Other questions may be directed to Chief Judge Miller's case management deputy Tony Lee, 574-246-8082, or to Magistrate Judge Nuechterlein's case management deputy Sharon Macon, 574-246-8104. If the question relates to issues not unique to an MDL docket, counsel should first check the court's Web page (including the judges' Web pages).

*Counsel*

10. No Need to Re-Appear. Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance before this court.

11. List of Attorneys for Service. The parties shall present to the court at the first pretrial conference a list of attorneys for purposes of service.

12. Liaison Counsel. Prior to the first pretrial conference, counsel for each group of parties whose interests are similarly aligned shall designate liaison

4

counsel, subject to the court's approval. Liaison counsel shall be required to maintain complete files (which may be in electronic form) with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation pursuant to Rule 8(e) of the Panel's Rules of Procedure on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group.

13. Local Counsel; Pro Hac Vice Admissions. No parties to any of these actions shall be required to obtain local counsel in this district and the requirements of Rules 83.5(c) and 83.5(d) of the Northern District of Indiana's Local Rules are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States Court.

14. Duty to Read and Follow Local Rules. All counsel who desire to continue as counsel of record in any of these actions shall promptly familiarize themselves with this court's local rules.[2] Although counsel are free to recommend modifications specifically for this docket, the court anticipates applying its Local Rules and the guidelines and procedures provided in its appendices to these proceedings.

15. Communications Among Counsel. Cooperation by and among plaintiffs' counsel and by defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among plaintiffs'

---

[2] Those rules are available at http://www.innd.uscourts.gov/generalorders.asp.
Further information on the case management approaches of the judges handling this docket may be found at http://www.innd.uscourts.gov/miller.shtml and http://www.innd.uscourts.gov/nuechterlein.shtml.

5

counsel and among defendants' counsel shall not be deemed a waiver of the attorney-client or work product privileges, and the cooperative efforts contemplated by this order and future case management orders in this litigation shall not in any way be used against any plaintiff by any defendant or against any defendant by any plaintiff.

16. Registration in CM/ECF system. Counsel who wish to participate actively in these proceedings must register in this court's CM/ECF system. Completed registration forms[3] must be mailed to U. S. District Court, Northern District of Indiana, Office of the Clerk, 204 South Main Street, Room 102, South Bend, Indiana 46601, Attention: CM/ECF Registration. Court staff may need to contact counsel to verify that counsel is participating in this MDL.

## CM/ECF

17. Mandatory Use of CM/ECF System. All filing and docketing will be done electronically through the CM/ECF system. The court will use CM/ECF to correspond with counsel on case related matters. Counsel should follow the instructions and rules contained in the court's CM/ECF Procedures Manual. The manual and updates to it are available on the Northern District of Indiana's website.[4] Members of the clerk's office staff will be available at the conclusion of the September 26 hearing to discuss CM/ECF issues with counsel and, if time permits, provide training. A tutorial may be found on the court's Web site,[5] and regularly scheduled training classes are conducted at the courthouses in South Bend, Hammond, Lafayette, and Fort Wayne which counsel and/or staff may

---

[3] Registration forms may be obtained on-line at http://www.innd.uscourts.gov/regform.shtml.

[4] http://www.innd.uscourts.gov/docs/CMECF/User%20Manual.pdf (User manual) and http://www.innd.uscourts.gov/docs/CMECF/AttorneyTrainingManual.pdf (training manual).

[5] http://www.innd.uscourts.gov/ecf112/index.html.

attend. Those who will be responsible for electronic filing and docketing must fully understand the CM/ECF system and be familiar with the court's practices and procedures.

18. Courtesy Paper Copies of Longer Submissions. Counsel are asked to submit to the judge or judges considering a particular issue two courtesy paper copies of any memorandum or other document exceeding 25 pages. The courtesy copies should be sent directly to a judge's chambers.

19. MDL-1700 Web Site. A website particular to MDL-1700 is being created on the court's website at www.innd.uscourts.gov. The MDL-1700 website will include links to each of the court web pages mentioned in this order.

*First Pretrial Conference*

20. Attendance. To minimize costs and facilitate a manageable conference, parties are not required to attend the conference, and parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue, or service. Persons who are not named as parties in this litigation but may later be joined as parties or are parties in related litigation pending in other federal and state courts are invited to attend in person or by counsel.

21. Items For Discussion. The initial scheduling order issued following the first pretrial conference will include deadlines for various critical events, including the designation of lead counsel, amendments to the pleadings, resolution of motions to dismiss, resolution of class certification issues, deadlines for discovery

and expert disclosures, and a summary judgment motions deadline. Counsel should be prepared to discuss at the September 26 first pretrial conference proposed deadlines for these events and any others counsel believe must be set in the initial scheduling order. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Third*, and be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

22. Initial Conference of Counsel. Before the first pretrial conference, counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, consideration of any class action allegations, and motions. The court designates Robert I. Harwood, Wechsler, Harwood LLP, 488 Madison Avenue, Suite 801, New York, NY 10022, and Evelyn L. Becker, O'Melveny & Myers, LLP, 1625 Eye Street, N.W., Washington, D.C. 20006, to arrange the initial meetings of plaintiff's and defendants' counsel, respectively. Each side shall file, by September 20, 2005, a brief statement of the facts involved in the litigation and the critical factual and legal issues. The statements shall list all pending motions and all related cases pending in state or federal court and their current status, to the extent known. The statements shall also set forth the parties' views on alternate dispute resolution or other vehicles for settlement discussion.

23. Dispositive Issues. The parties should identify any potentially dispositive issues they believe can be resolved by a motion to dismiss or an early summary judgment motion. The court anticipates deciding such issues promptly and considering whether they are appropriate for interlocutory appeal.

<u>24. List of Affiliated Companies and Counsel</u>. To assist the court in identifying any problems of recusal or disqualification, counsel shall submit to the court by September 26, 2005, a list of all companies affiliated with the parties and all counsel associated in the litigation.

<u>25. Discovery and Disclosures Stayed</u>. All discovery proceedings in these actions are stayed until further order of this court and the time requirements to perform any acts or file any papers pursuant to Rules 26 through 37, Federal Rules of Civil Procedure, are tolled until the first pretrial conference. This order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosure, responding to an outstanding discovery request under Rule 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34, or 36. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

<u>26. Pleadings</u>. Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the conference.

<u>27. Preservation of Records</u>. Each party shall preserve all documents and other records containing information potentially relevant to the subject matter of this litigation. Each party shall also preserve any physical evidence or potential evidence and shall not conduct any testing that alters the physical evidence without notifying opposing counsel and (unless counsel stipulate to the test) obtaining the court's permission to conduct the test. Subject to further order of the court, parties may continue routine erasures of computerized data pursuant

9

to existing programs, but they shall (1) immediately notify opposing counsel about such programs and (2) preserve any printouts of such data. Requests for relief from this directive will receive prompt attention from the court.

28. One Deposition Per Deponent; Exceptions. The court anticipates that no witness will be deposed on the same subject more than once in this litigation. If a party seeks to take a second deposition of a witness, it shall provide the opposing party its basis for an exception to the rule along with a list of the subject matters as to which interrogation is sought. Second depositions on new subject matter shall be permitted by consent of the parties or upon order of this court authorizing such deposition based upon a showing of good cause. An individual designated and tendered by the defendants in response to a Rule 30(b)(6) deposition notice may be re-deposed at a later time upon notice by plaintiffs on new subject matter, and such deposition may proceed without plaintiffs obtaining leave of court.

29. Questioning During Depositions. The court expects questioning of deponents to be conducted by the minimum number of attorneys necessary to allow the parties to address individual or divergent positions. To effectuate this goal, attorney(s) conducting the lead examination in each deposition should be determined by good faith negotiations between the co-lead counsel for plaintiffs. Following the conclusion of the lead examination, counsel for plaintiffs with individual or divergent positions from the lead examiner may examine a deponent with respect to such issues that have not been previously covered  by designated counsel, but should take care to avoid duplication. The court anticipates that counsel will consult and cooperate prior to a deposition to facilitate the efficient conduct of depositions. Absent agreement of the parties or order of this court

based on a showing of good cause, the length of depositions shall be controlled by Fed. R. Civ. P. 30(d)(2).[6]

30. Anticipated Time Until Trial. The court anticipates that the cases should be ready for trial no later than 18 months after the scheduling order is entered. The court welcomes views of any who believe an earlier date is realistic.

31. Sequencing of Discovery Disfavored. To keep the proceedings moving along, the court expects to avoid sequencing the litigation into different phases. For example, unless persuaded to the contrary, the court anticipates having discovery go forward while motions to dismiss are being briefed, argued, and decided. The court also anticipates that all parties will focus (and begin the process of obtaining expert testimony) on damages issues, as well as liability issues, from the outset. The court encourages the establishment of a structure for mediation so that if and when settlement negotiations become appropriate, unnecessary organizational delay can be prevented.

*Miscellaneous*

32. Motions Hearings. Hearings will not be held on any motions filed except by order of court upon such notice as the court may direct.

33. Compensation for Transcripts. The court hopes to establish an arrangement whereby court reporters are adequately and fairly compensated for the work they will do while, at the same time, transcripts are made publicly available on a timely basis. In other MDL dockets, counsel have accomplished

---

[6] The court notes for counsel's consideration and discussion that in MDL-1355 (the Propulsid Products Liability Litigation) and MDL-1657 (the Vioxx Products Liability Litigation), Judge Eldon E. Fallon has utilized a means for depositions to be taken over the internet. Information relating to this practice can be obtained on the website for the Eastern District of Louisiana: www.edla.uscourts.gov.

those twin goals by agreeing to pay court reporters for an agreed number of copies before placing a transcript on the public record.

ENTERED:  August 30, 2005

_____/s/ Robert L. Miller, Jr._____

Chief Judge
United States District Court